CLINTON COUNTY PROSECUTOR v 65TH DISTRICT JUDGE

(PEOPLE v GREER)

OPINION OF THE COURT

1. CRIMINAL LAW—EVIDENCE—EXCLUSION OF EVIDENCE.

A rule adopted by the Michigan Supreme Court which excludes from evidence testimony of a police officer listening to a conversation between a police informant and a suspect, transmitted by a radio concealed on the person of the informant and obtained without a search warrant, applies to all proceedings following the date of the rule's adoption; therefore, a district court properly suppressed evidence seized pursuant to a warrant based on a police officer's affidavit concerning such a conversation where the monitored conversation took place prior to adoption of the rule and the preliminary examination was held subsequent to the date of adoption of the rule.

DISSENT BY DANHOF, C. J.

2. CRIMINAL LAW—EVIDENCE—EXCLUSION OF EVIDENCE.

*A rule adopted by the Michigan Supreme Court which excludes from evidence testimony of a police officer listening to a conversation between a police informant and a suspect, transmitted by a radio concealed on the person of the informant and obtained without a search warrant, applies to police conduct occurring after the date of the rule's adoption; therefore, the exclusionary rule does not apply to justify suppression of evidence seized pursuant to a warrant based on a police officer's affidavit concerning such a conversation where the monitored conversation took place prior to adoption of the rule.*

Appeal from Clinton, Leo W. Corkin, J. Submit-

REFERENCES FOR POINTS IN HEADNOTES

[1, 2] 29 Am Jur 2d, Evidence §§ 434, 435.

Admissibility, in criminal prosecution, of evidence secured by mechanical or electronic eavesdropping device. 97 ALR2d 1283.

ted March 3, 1977, at Lansing. (Docket No. 24695.) Decided June 6, 1977. Leave to appeal applied for.

Complaint by the Clinton County Prosecuting Attorney against the 65th District Judge for a writ of superintending control seeking reversal of a district court order quashing a search warrant and suppressing evidence against Phillip E. Greer. Judgment for plaintiff. Defendant Greer was permitted to intervene for the purpose of bringing an appeal. The order of the district court is affirmed.

*Jon Newman,* Clinton County Prosecuting Attorney, plaintiff.

*Dunnings & Canady, P. C.,* for Phillip Greer.

Before: DANHOF, C. J., and T. M. BURNS and J. E. MCDONALD,* JJ.

T. M. BURNS, J. Phillip Greer (hereinafter defendant) was charged with various violations of the controlled substances act including possession of marijuana with intent to deliver, MCLA 335.341(1)(c), MSA 18.1070(41)(1)(c).

On April 2, 1975, a search warrant was issued directing the search of defendant's home. The warrant was based on the affidavit of a police officer which asserted that a confidential informer was fitted with a hidden transmitter by police officers and sent to defendant's home. The affiant had a receiver and listened to conversations between the informer and the defendant in defendant's home. What was heard in this fashion by the officer constituted the justification for the warrant's issuance.

At the preliminary examination on May 13,

---

* Circuit judge, sitting on the Court of Appeals by assignment.

1975, defense counsel moved to quash the search warrant and suppress the evidence seized. The district judge entered an order so providing. The people brought a complaint for a writ of superintending control in the circuit court seeking reversal of the district court order. The circuit court issued an order reversing the district court. Defendant was permitted to intervene for the purpose of bringing this appeal.

The district court's decision was based on the ruling in *People v Beavers,* 393 Mich 554; 227 NW2d 511 (1975). There, a police officer listened via a radio receiver to a conversation between a suspect and a police informant equipped with a concealed radio transmitter used without the suspect's knowledge. The Supreme Court held inadmissible the testimony of the listening police officer because the police action constituted a search and seizure conducted without a search warrant in violation of the Michigan Constitution.

The rule adopted in *Beavers* was expressly made prospective in application. 393 Mich at 568. The argument in this case is whether the rule applies to police conduct after the release of *Beavers* or to trials commenced after *Beavers.* We hold that the rule is to be applied in any proceedings occurring after release of the *Beavers* opinion.

The warrantless monitoring was done on April 2, 1975. *Beavers* was released on April 7, 1975. The preliminary examination was held on May 13, 1975.

Upon reconsideration of the reasoning in *People v Livingston,* 64 Mich App 247; 236 NW2d 63 (1975), we find the rule stated therein unsatisfactory. It is difficult to accept the proposition that the primary purpose of the exclusionary rule is to "punish" the police and thereby discourage subse-

quent invasions of individuals' rights. The purpose is to do justice. Fundamental fairness requires that information gained in violation of basic freedoms be suppressed. Exclusion of such tainted evidence vindicates the wrong done the individual and it strengthens the right by reaffirming the significance with which it is regarded by the courts. It is far more than a rule of evidence or regulation of police conduct.[1]

The primary purpose of the rule stated in *People v Beavers, supra,* to uphold the rights of privacy and freedom from unreasonable searches and seizures, calls for its application to all proceedings commenced after its decision. Other factors in determining the applicability of the new rule, reliance on the previous rule by law enforcement officials and consequences for the administration of justice, do not weigh heavily against application of *Beavers* in the case at bar.

The ruling of the district court is, therefore, affirmed.

J. E. McDONALD, J., concurred.

DANHOF, C. J. *(dissenting).* I believe the majority misapprehends the basic purpose of the exclusionary rule. That rule is designed to protect individual liberties, not to redress their contravention after the fact. Hence, the rule is described as "prophylactic". Although the majority may, as they say, find this proposition difficult to accept, the United States Supreme Court has had no similar difficulty. "The rule is calculated to prevent, not to repair. Its purpose is to deter—to compel respect for the constitutional guaranty in the only effectively available way—by removing

---

[1] *See* McCormick, Evidence (2d ed), § 166, p 368.

the incentive to disregard it." *Brown v Illinois,* 422 US 590, 599–600; 95 S Ct 2254; 45 L Ed 2d 416 (1975), quoting *Elkins v United States,* 364 US 206, 217; 80 S Ct 1437; 4 L Ed 2d 1669 (1960).

The majority states that the purpose of the rule is "to do justice". Quite the contrary is true. When evidence is suppressed truth, and therefore justice, is rendered less attainable. When the exclusionary rule is applied justice is sacrificed for the purpose of safeguarding those liberties we value most.

To apply a rule designed for prevention to events having occurred in the past, and therefore not capable of prevention, does violence to the rule. Clearly this is the circumstance the Supreme Court meant to avoid in limiting the decision in *People v Beavers,* 393 Mich 554; 227 NW2d 511 (1975), to prospective application only. I adhere to the decisions in *People v Pulley,* 66 Mich App 321; 239 NW2d 366 (1976), *lv den,* 396 Mich 852 (1976), and *People v Livingston,* 64 Mich App 247; 236 NW2d 63 (1975), insofar as they stand for the proposition that *Beavers* applies to conduct occurring after the date of its release, not to trials occurring after that date.

I would reverse the ruling of the district court.